UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBIN J. TROVATO,<br><br>Plaintiff,<br><br>v.<br><br>PRUDENTIAL INSURANCE COMPANY OF AMERICA, RAPID7 EMPLOYEE TERM LIFE BASIC AND OPTIONAL PLANS, and RAPID 7 LLC,<br><br>Defendants. | No. 17-cv-11428-DJC |

**MEMORANDUM AND ORDER**

**CASPER, J.**                                                                  February 9, 2018

**I.**      **Introduction**

Plaintiff Robin J. Trovato ("Trovato") brings claims against Defendants Prudential Insurance Company of America ("Prudential"), Rapid7 Employee Term Life Basic and Optional Plans ("Rapid7 Plans"), and Rapid7 LLC ("Rapid7") arising out of a benefit plan provided for the employees of Rapid7. Trovato brings four claims: Count I, a claim for benefits due under the plan against Prudential and Rapid7 Plans; Count II, a claim for breach of fiduciary duty against Rapid7; Count III, a claim for reformation against Prudential and Rapid7 Plans; and Count IV, a claim for attorneys' fees. D. 1 at 8-15. Prudential moves to dismiss Count III. D. 22. For the foregoing reasons, the Court ALLOWS in part and DENIES in part Prudential's motion to dismiss Count III.

## II.     Standard of Review

In evaluating a motion to dismiss, "[n]on-conclusory factual allegations in the complaint must [] be treated as true." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011). The Court is required to "view the facts of the complaint in the light most favorable to the plaintiffs, and to resolve any ambiguities in their favor." Id. at 17.

## III.    Factual Background

The following facts are taken from the complaint, D. 1, and accepted as true for the purposes of considering the motion to dismiss. Trovato is the executrix and personal representative of the late Richard Trovato ("Mr. Trovato"). D. 1 ¶ 1. Rapid7 hired Mr. Trovato in February 2014. D. 1 ¶ 8. As an employee, Trovato was a "participant" in the life insurance plan ("Plan") of Rapid7 Plans. D. 1 ¶¶ 10, 2. Rapid7 Plans was the statutory Plan Administrator, but shared administrative duties with Prudential. D. 1 ¶¶ 18-19. The Plan provided life insurance coverage of no less than $501,000 to Mr. Trovato in the event of his death. D. 1 ¶ 14. Trovato was the designated beneficiary of Mr. Trovato's life insurance benefit under the Plan. D. 1 ¶ 1. In late 2015 and early 2016, Mr. Trovato became very ill. D. 1 ¶¶ 23-26. At some date in 2016, Rapid7 asked Mr. Trovato not to come to the office. D. 1 ¶ 27. In a letter dated March 31, 2016, Rapid7 tendered a separation agreement to Mr. Trovato. D. 1 ¶ 28. That letter stated that it "sets forth and confirms the understanding between you and Rapid7 . . . relating to the termination of your employment with [Rapid7] effective June 24, 2016." D. 1 ¶ 28. Mr. Trovato's counsel engaged in negotiations with Rapid7 regarding the separation agreement. D. 1 ¶ 29. No final signed agreement is alleged to exist. Mr. Trovato passed away on May 26, 2016. D. 1 ¶ 32. Thereafter, Trovato contacted Prudential and the company advised her to apply for life insurance benefits of $501,000. D. 1 ¶ 33. Prudential denied her claim on the basis that Mr. Trovato's coverage under the Plan had ended on April 21, 2016 and that Mr. Trovato had failed to convert his coverage under

the Plan into a different type of coverage. D. 1 ¶ 34. Trovato appealed Prudential's decision and her appeal was denied. D. 1 ¶¶ 35-38.

## IV. Procedural History

Trovato filed her complaint on August 2, 2017. Prudential has now moved to dismiss Trovato's complaint. D. 22. The Court heard argument on the motion on December 20, 2017, D. 38, and took the motion under advisement.

## V. Discussion

Prudential contends that Trovato has failed to allege facts sufficient to state a claim for reformation of the terms of the plan under the Employee Retirement and Income Security Act ("ERISA"), which the parties agree governs the Plan at issue. D. 23 at 2; D. 28 at 2. In the complaint, Trovato contends that she is entitled to judicial reformation of the Plan terms, under 29 U.S.C. § 1132(a)(3), as an equitable remedy for a breach of fiduciary duty by Rapid7 Plans and Prudential in providing Trovato with false or misleading information. D. 1 at 13-14. As alleged by Trovato, Prudential provided false or misleading information by: first, failing to send written notice to Mr. Trovato that he was entitled to convert his rights under the Plan; second, advising Trovato to apply for benefits under the plan; and third, failing to "fully investigate the claim before denying it, including gathering information that Rapid7 LLC had extended coverage until June 24, 2016." D. 1 at 12-15.

Section 1132(a)(3) provides that a civil action may be brought by a beneficiary to "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3). This provision empowers a district court, in the context of suits by a beneficiary against a plan fiduciary, to impose remedies in accordance with the traditional equitable powers of the court. CIGNA Corp. v. Amara,

563 U.S. 421, 442 (2011). These remedies may include reformation of the contract "to reflect the mutual understanding of the contracting parties where 'fraudulent suppression[s], omission[s], or insertion[s]' . . . 'materially . . . affected' the 'substance' of the contract." Id. at 443 (citation omitted) (alterations in original). Equitable remedies may also include imposing a "surcharge" to make a beneficiary "whole following a trustee's breach of trust" which actually harmed the beneficiary. Id. at 444.

Prudential first contends that providing notice of conversion rights is a ministerial rather than a fiduciary act and thus cannot be the basis of a claim under Section 1132(a)(3). D. 23 at 6-8. In Livick v. The Gillette Co., 524 F.3d 24, 29 (1st Cir. 2008), the First Circuit explained that "[u]nder ERISA, a fiduciary is defined functionally: a party is a fiduciary 'to the extent' that he or she exercises discretion over the management of the plan or its funds or over its administration." Id. (quoting Pegram v. Hendrich, 530 U.S. 211, 226 (2000)). This functional analysis is important because "in cases alleging breach of ERISA fiduciary duty, the threshold question is . . . whether that person was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint." Id. (citation omitted). For example, in Brenner v. Metro. Life Ins. Co., No. CIV.A. 11-12096-GAO, 2015 WL 1307394, at *8, *11 (D. Mass. Mar. 23, 2015), this Court concluded that failing to provide notice of a conversion option was an administrative duty rather than a fiduciary function because it is a nondiscretionary act, and, on that basis, granted summary judgment to the entity that performed administrative functions but was not the statutory Plan Administrator (as is true of Prudential in this case). Trovato cites Keith v. Metro. Life Ins. Co., No. H-15-1030, 2017 WL 1026008 (S.D. Tex. March 15, 2017), in arguing that the failure to provide notice of the conversion option may have been a fiduciary act. But in Keith, the court agreed that the mere failure to provide notice of a conversion option was a ministerial act, but

4

found that MetLife may have been acting as a fiduciary because it filed a claim on the beneficiary's behalf and sent confusing or misleading letters to the beneficiary. Id. at *4. Such are not the allegations here. Moreover, even if Prudential was legally obligated by state law to send the conversion notice, as Trovato contends, D. 28 at 7-11, so long as sending that notice was a ministerial rather than fiduciary act, its failure to do so cannot be the basis for an equitable claim for relief based on a breach of fiduciary duty. Trovato also contends that, as Rapid7 Plan's agent, Prudential can be considered a fiduciary to the extent that it performed fiduciary acts. D. 28 at 8. But, again, because the act was not fiduciary, Prudential cannot be held liable for a breach of fiduciary duty in failing to perform the act.

Prudential next contends that advising a participant to apply for benefits is a similarly ministerial act. The complaint states only that Trovato was "advised by Prudential to apply for life insurance benefits in the amount of $501,000.00." D. 1 ¶ 33. Prudential cites Brenner for the proposition that advising participants of their rights and options under a plan is not a fiduciary function. D. 23 at 8. The complaint, however, alleges that Prudential did more than inform Trovato that she had the option of applying for benefits. The complaint alleges that Prudential advised Trovato to apply for benefits, and Brenner stated that "giving advice about future benefits" is a fiduciary function. Brenner, 2015 WL 1307394 at *8. Nothing in the record indicates that, if Prudential had advised Trovato to apply for benefits, it would have been a nondiscretionary act. Prudential further argues that Trovato has not alleged facts sufficient to state a claim for a breach of fiduciary duty because, regardless of whether Prudential intended to pay the claim, Trovato would be required to file a claim to exhaust the administrative remedies available to her before filing suit in federal court, and thus the advice that Prudential purportedly gave her did not harm her. D. 23 at 8; see Madera v. Marsh USA, Inc., 426 F.3d 56, 61 (1st Cir. 2005) (stating that

5

"[b]efore a plaintiff asserts an ERISA claim . . . [she] must exhaust [her] administrative remedies" under the plan). Nothing in the complaint makes any allegation that Trovato suffered any harm as a result of Prudential's decision to advise her to apply for benefits, rather than as a result of Prudential's non-payment of benefits. Thus, Trovato has not alleged facts sufficient to show a breach of fiduciary duty related to Prudential's advice that she apply for benefits.

Finally, Prudential contends that Trovato's failure-to-investigate claim must fail because Count I, Trovato's claim for benefits under 29 U.S.C. § 1132(a)(1)(B), provides Trovato with relief. D. 23 at 9. The First Circuit has stated that "if a plaintiff can pursue benefits under the plan pursuant to [§ 1132(a)(1)], there is an adequate remedy under the plan which bars a further remedy under [§ 1132(a)(3)]." LaRocca v. Borden, Inc., 276 F.3d 22, 28 (1st Cir. 2002). Trovato responds that it is not yet clear that she will be able to recover under § 1132(a)(1)(B) or that any such recovery would be adequate, and thus that it would be premature to dismiss her claim under § 1132(a)(3). D. 28 at 2. In support of this proposition, she cites decisions from other circuits holding that a plaintiff may plead claims under both § 1132(a)(1)(B) and § 1132(a)(3) at the motion to dismiss stage, so long as the plaintiff does not actually recover under both theories. See Moyle v. Liberty Mut. Ret. Ben. Plan, 823 F.3d 948, 961 (9th Cir. 2016), as amended on denial of reh'g and reh'g en banc (Aug. 18, 2016); N.Y. State Psychiatric Ass'n, Inc. v. UnitedHealth Grp., 798 F.3d 125, 134 (2d Cir. 2015), cert. denied sub nom. UnitedHealth Grp., Inc. v. Denbo, 136 S. Ct. 506 (2015); Silva v. Metro. Life Ins. Co., 762 F.3d 711, 726 (8th Cir. 2014). The First Circuit does not appear to have addressed the issue of whether the plaintiff must elect a remedy at this stage of the litigation; neither LaRocca (resolving summary judgment motion) nor the case it cited, Turner v. Fallon Cmty. Health Plan, Inc., 127 F.3d 196 (1st Cir. 1997) (same) addressed the election of remedies at the motion to dismiss stage.

The Court finds the reasoning of the Second, Eighth and Ninth Circuits persuasive. At this stage of the litigation, it cannot be determined if Trovato will be able to recover on her claim under § 1132(a)(1)(B). Thus, it would premature to dismiss her claim under § 1132(a)(3) on the ground that it is foreclosed by her § 1132(a)(1)(B) claim.

## VI. Conclusion

For the foregoing reasons, the Court ALLOWS in part Prudential's motion to dismiss Count III with respect to Trovato's theories of Prudential's failure to provide notice of the conversion opportunity and Prudential's advising Trovato to apply for benefits, but DENIES it in part with respect to Trovato's alternative theory of failure to investigate under Count III.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge